DEAN W. NEWTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Newton v. Commissioner
Docket No. 13185-79.
United States Tax Court
T.C. Memo 1982-256; 1982 Tax Ct. Memo LEXIS 491; 43 T.C.M. (CCH) 1335; T.C.M. (RIA) 82256; May 6, 1982. *491 Dean W. Newton, pro se. Ronald M. Rosen and Alan J. Pinner, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 2,947 together with an addition to tax under section 6653(a) [1] in the amount of $ 147 in petitioner's Federal income tax for 1976. The notice of deficiency set forth the following adjustments: Increase in rental income
$ 2,500
Decrease in depreciation
$ 2,460
Decrease in rental expenses consisting
of nine items
$ 9,629
Increase in general sales tax deduction
$ 48
In addition, respondent determined that the understatement of tax was due to negligence or intentional disregard of rules and regulations, citing section 6653(a). At the trial of this case, petitioner called as a witness the individual who prepared his 1976 Federal income tax return and questioned her at length about the preparation of his return and an audit conference that she attended on his behalf. The witness professed to have only a vague *492 recollection of her work on petitioner's return and her representation at the conference. The questions asked of the witness appear to have been designed to obtain an explanation of why the figures contained in the return, ostensibly taken from petitioner's records, did not coincide with the figures found by the revenue agent who investigated his case. Although petitioner was fully informed by the Court that he had the burden of proof, , he offered no testimony to show that respondent's determinations were erroneous. We must, therefore, sustain the income and deduction adjustments. Petitioner has not favored us with a brief stating his position with respect to the additions to tax under section 6653(a), and we are not certain as to why he called the return preparer as a witness. Where a taxpayer has relied upon the advice of a competent accountant, experienced in tax matters, to prepare his return, the Court has held the section 6653(a) addition to tax does not apply. E.g., ; . On *493 the other hand, a person does not absolve himself of responsibility by employing someone else to prepare his return; failure to show that the person preparing the return was competent or had all the necessary information may result in imposition of the addition to tax. E.g., ; . While the record shows that the individual who prepared petitioner's return had prepared many others, it contains no concrete information on her competency or the care petitioner exercised in selecting her. Petitioner's questions of the return preparer indicate that the books which petitioner supplied to her for use in preparing the return were the same records as the revenue agent used in computing the deficiency, but there is no evidence as to the condition of those records when they were delivered to the return preparer or what responsibility the return preparer agreed to take in preparing the return. In the light of all the evidence, we are compelled to conclude that petitioner has not shown that respondent erred in determining the addition to tax. To reflect the foregoing, *494 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩